**SONG CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–2444–ag.

United States Court of Appeals, Second Circuit.

April 7, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, Anne M. Hayes, David L. Hayden, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further consideration consistent with this order.

Song Chen (A72–379–529), through counsel, petitions for review of the BIA decision denying him asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an independent opinion that does not adopt or affirm the Immigration Judge's ("IJ") decision, we review only the BIA's opinion. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The BIA assumed the credibility of Chen's testimony regarding his family planning-based persecution claims. Accordingly, we review the BIA's application of law to the facts of Chen's case *de novo. Id.* at 271–72 ("[T]he BIA indicated explicitly that it was deciding the case on the assumption, contrary to the IJ's finding, that Chen's testimony was credible.... In reviewing the decision of the BIA, we assume, but do not determine, Chen's credibility as to his testimony concerning the events of his past and as to his subjective fear of future persecution.").

■ The BIA erred in finding that Chen failed to demonstrate a subjective fear of persecution in China. Assuming credibility, Chen's affirmative statement of fear of sterilization is sufficient to establish the subjective component of a well-founded fear of persecution. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 399 (2d Cir.2005). Additionally, Chen's decision to send his daughters to stay with his parents in China does not undermine his subjective fear. Even if Chen and his wife were certain to be sterilized in China, there is no evidence in the record to suggest that his children were ever in any danger from the Chinese government.

■ The BIA also erred in finding that Chen failed to provide sufficient objective evidence that proves that his having two American-citizen children violates the family planning policy, or that Chen would be persecuted for the alleged violation. We have held that "[a]n asylum claim may be sustained on the basis of credible testimony alone, and a lack of corroboration is not a sufficient basis on its own for denying a claim where testimony was credible, specific, and detailed." *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 115 (2d Cir.2005). Here, Chen testified that a warrant was issued for his arrest and that family planning authorities came to his parents' home to search for and arrest him after they discovered that he had more than one child. Chen's testimony offers direct evidence that the birth of his two children has put him at risk of forced sterilization in China. In addition, because the BIA did not demonstrate how Chen's testimony was lacking in specificity or detail such that it necessitated additional corroboration, the Board erred in finding Chen's objective evidence to be insufficient.

On remand, the BIA must determine: (1) whether the family planning officials'

warrant and attempted arrest establishes a well-founded fear of future persecution; (2) whether Chen warrants a grant of discretionary relief; (3) whether it is more likely than not that Chen will be sterilized if he is returned to China and is entitled to withholding of removal; and (4) whether sterilization falls within the regulatory definition of torture. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 407 (2d Cir.2005) (remanding to the BIA to determine whether it was more likely than not that petitioner would be sterilized and whether sterilization constitutes torture).

Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED and the case is REMANDED to the BIA for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is DENIED as moot.